HORATIO B. V. GREENE *et al. vs.* GEORGE A. WILLIS *et al.*

SAME *vs.* SAME.

JUNE 3, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(*1*)  *Adoption.  Residence.*

G. L. 1923, cap. 288, sec. 1, provides that "The court of the town in which the child to be adopted *resides,* shall have exclusive original jurisdiction of such petition".

*Held,* that residence in the statute meant domicile and did not refer to the place of actual abode.

(*2*)  *Adoption.  Domicile of Minor.*

The domicile of a minor during his father's life time is that of the father. Upon the death of the father the domicile ordinarily follows that of the mother if she survives the father. In such circumstances after the death of the mother the domicile of the child will remain that of the mother until changed by some competent authority.

PROBATE APPEAL from decree of adoption. Heard on motion of appellants for rehearing and denied.

SWEETLAND, C. J. After opinion previously filed in the above entitled cases, they are before us again upon the motion of the appellants, Greene, for a rehearing. The ground upon which rehearing is sought is that, although both the appellants, Greene, and the appellees, Willis, preferred their respective petitions for the adoption of the minor, Mildred M. Lohr, to the Municipal Court of the city of Providence, the decree of that court in each case should now be set aside because that court was without jurisdiction.

Section 1, Chap. 288, G. L. 1923, provides, with reference to a petition for the adoption of children, that: "The court of the town in which the child to be adopted resides shall have exclusive original jurisdiction of such petition." The appellants now claim that the minor, Mildred M. Lohr, did not at the time of the filing of these petitions reside in Providence.

The terms "reside" and "residence" when used in statutes have different meanings in different connections. They may refer to a temporary personal existence, or dwelling, in a certain place, or they may refer to a person's legal residence, and be regarded as synonymous with domicile.

In *State* v. *Aldrich*, 14 R. I. 171, it was held that the provisions of the State constitution requiring the "residence" of an elector in the town or city in which he claims a right to vote means having a "domicile" there, and does not refer to the place of his actual abode. This is the meaning usually given to these words in statutes regulating probate jurisdiction in matters of administration or guardianship; and this is the interpretation which should be given to the word "reside" in the provision relating to adoption.

The domicile of a minor child during his father's lifetime is that of the father. Upon the father's death the domicile

of the infant ordinarily follows that of the mother, if the mother survives the father. In such circumstances after the death of the mother the domicile of the child will remain that of the mother until changed by some competent authority. From the record of the evidence presented by the appellants, Greene, it appears that the father of Mildred M. Lohr died about 1913, eleven years before the earlier of these adoption proceedings was filed. At the time of his death his residence and domicile was in Providence; the child thereafter lived with and was in the custody of her mother, who continued to reside and keep house in Providence until her death. In 1924 the mother became seriously ill, and went from her home to a hospital in Providence, March 3, 1924; there, after a surgical operation, she died March 9, 1924. The child remained in Providence at the home of an aunt until after her mother's funeral, which we may assume was not earlier than March 11 or 12, 1924. The child then went to the home of another aunt living in the city of Cranston. It is not clear from the evidence that the child did not remain with her aunt in Providence until after March 13, 1924, when the petition of the appellees, Willis, was filed in the Municipal Court. If, however, she went to the home of the aunt in Cranston on March 11 or March 12, 1924, there is no warrant for a claim by the appellants that the child had lost her domicile in Providence on March 13, 1924. In law her legal residence remained in Providence until, by force of the decree of adoption entered in the Municipal Court, she became permanently a member of the household of her adoptive parents, Mr. and Mrs. Willis, in Cranston.

The motion for rehearing is denied, the cases will be remitted to the Superior Court in accordance with the order made in the opinion previously filed.

*Flynn & Mahoney*, for appellants.
*Benjamin W. Grim*, for appellees.